Argued and submitted November 4, 1996, decision of the Court of Appeals reversed, case remanded to the Workers' Compensation Board for reconsideration March 27, 1997

In the Matter of the Compensation of
Lois J. Schoch, Claimant.

Lois J. SCHOCH,
*Petitioner on Review,*

*v.*

LEUPOLD & STEVENS
and Liberty Northwest Ins. Corp.,
*Respondents on Review.*

(WCB 92-09982; CA A87699; SC S42890)

934 P2d 410

Meagan A. Flynn, of Pozzi Wilson Atchison, Portland, argued the cause and filed the petition for petitioner on review.

David O. Wilson, Eugene, argued the cause and filed the response for respondents on review.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Graber, and Durham, Justices.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Claimant petitions for review of a Court of Appeals' decision that affirmed an order of the Workers' Compensation Board (Board) awarding an attorney fee. She argues that the order does not contain sufficient information to permit an appellate court to review the Board's exercise of discretion in setting a reasonable attorney fee. The Court of Appeals affirmed without opinion. *Schoch v. Leupold & Stevens*, 137 Or App 633, 906 P2d 870 (1995). For the reasons that follow, we reverse and remand to the Board for further consideration of its order awarding an attorney fee.

In 1990, claimant suffered a compensable low back injury. In 1992, Dr. Berkeley, her treating physician, requested authorization for surgery. Liberty Northwest Ins. Corp. (Liberty), the workers' compensation insurer, sought review of the proposed surgery by the Director of the Department of Consumer and Business Services. ORS 656.327(1) (1991) (since amended by Or Laws 1995, ch 332, § 41).[1] On July 16, 1992, the Director found that the proposed surgery was not appropriate. Claimant requested a hearing before the Hearings Division. In case number WCB 92-09982, the administrative law judge (ALJ) affirmed the Director, concluding that the decision was supported by substantial evidence. Claimant sought Board review of the ALJ's order. In 1993, the Board reversed and remanded, ruling on the basis of the law at the time that the Hearings Division, rather than the Director, had jurisdiction to resolve the dispute about the proposed surgery and, thus, that the Director's order was not controlling. The Board remanded the matter to the ALJ to permit the parties to litigate the case under the proper standard.

---

[1] ORS 656.327(1) (1991) provided, in part:

"(a) If an injured worker, an insurer or self-insured employer or the director believes that an injured worker is receiving medical treatment that is excessive, inappropriate, ineffectual * * *, and wishes review of the treatment by the director, the injured worker, insurer or self-insured employer shall so notify the parties and the director.

"(b) * * * [T]he director shall review the matter as provided in this section."

Berkeley again sought approval to perform the same surgery on claimant. Liberty denied Berkeley's request. Claimant again sought a hearing before the Hearings Division. In 1994, in case number WCB 93-09584, the ALJ found that the surgery was reasonable and necessary and awarded an attorney fee of $10,500 under ORS 656.382(1)[2] and 656.386(1).[3] Liberty requested review of that portion of the order that awarded the attorney fee. The Board subsequently modified the order, awarding a $5,750 assessed fee under ORS 656.386(1) and a $2,000 assessed fee under ORS 656.382(1).

On remand of WCB 92-09982, Liberty advised the ALJ that it would not appeal the merits of the decision in WCB 93-09584 and that it was no longer contesting claimant's request for surgery. Liberty requested dismissal of WBC 92-09982, arguing that it had been rendered moot by the ALJ's decision in favor of claimant's proposed surgery in WCB 93-09584. The ALJ determined that the Director's 1992 order was invalid, because the Director did not have jurisdiction over the proposed surgery, but concluded that the ALJ's 1994 ruling authorizing surgery in WCB 93-09584 rendered further consideration of WCB 92-09982 moot and dismissed that case. The ALJ also denied claimant's request for an attorney fee. Claimant sought Board review, contending that she was entitled to an attorney fee under ORS 656.386(1) for litigating the Director's July 16, 1992, order.

In January 1995, the Board agreed with claimant that the ALJ's order in WCB 93-09584 (authorizing surgery) did not render moot the issues before the ALJ in WCB 92-09982 (pertaining to the Director's 1992 order). The Board

---

[2] ORS 656.382(1) provides, in part:

"If an insurer or self-insured employer refuses to pay compensation due under an order of an Administrative Law Judge, board or court, or otherwise unreasonably resists the payment of compensation, except as provided in ORS 656.385, the employer or insurer shall pay to the claimant or the attorney of the claimant a reasonable attorney fee as provided in subsection (2) of this section."

[3] ORS 656.386(1) provides, in part:

"In such cases involving denied claims where the claimant prevails finally in a hearing before an Administrative Law Judge or in a review by the Workers' Compensation Board, then the Administrative Law Judge or board shall allow a reasonable attorney fee."

awarded claimant an attorney fee of $3,000 under ORS 656.386(1), stating:

> "After considering the factors set forth in OAR 438-15-010(4)[4] and applying them to this case, we find that a reasonable assessed attorney fee for claimant's counsel's services at hearing, on Board review and on remand concerning the validity of the Director's July 16, 1992 order is $3,000, to be paid by the insurer. In reaching this conclusion, we have particularly considered the time devoted to the case (as represented by the record and claimant's appellate briefs), the complexity of the issue, the value of the interest involved, and the risk that claimant's counsel might go uncompensated. We note that claimant is not entitled to an attorney fee for services rendered subsequent to the insurer's concession concerning the attorney fee issue."[5]

■    Claimant requested reconsideration and submitted an affidavit and summary of services rendered by her counsel. The summary detailed counsel's experience in workers' compensation law and documented 75.8 hours of time devoted to the case. Claimant's counsel requested $175 per hour, his usual and customary rate.[6] On reconsideration, the Board adhered to the reasoning and conclusions of its January 1995 order without further explanation. The Court of

---

[4] OAR 438-15-010(4) provides:

"In any case where a referee or the Board is required to determine a reasonable attorney fee, the following factors shall be considered:

"(a) The time devoted to the case;

"(b) The complexity of the issue(s) involved;

"(c) The value of the interest involved;

"(d) The skill of the attorneys;

"(e) The nature of the proceedings;

"(f) The benefit secured for the represented party;

"(g) The risk in a particular case that an attorney's efforts may go uncompensated; and

"(h) The assertion of frivolous issues or defenses."

[5] The Board's observation that Liberty had conceded the attorney fee issue was an error. Although Liberty did concede claimant's entitlement to *surgery*, it did not concede the *attorney fee* issue.

[6] On reconsideration, claimant asked the Board to increase the attorney fee award to $19,897.50. Before this court, claimant contends that her counsel is entitled to $8,312.50, for 47.5 hours at $175 per hour, which her counsel asserts represents the time that he spent on this case up to February 2, 1994, the date of Liberty's concession regarding claimant's entitlement to surgery.

Appeals affirmed. We allowed review to consider whether the Board's order contains a sufficient explanation to permit an appellate court to review the Board's exercise of discretion in setting a reasonable attorney fee.[7] *See Drew v. PSRB*, 322 Or 491, 500, 909 P2d 1211 (1996) (for "substantial evidence" review, agency must demonstrate reasoning for its conclusions).

The ALJ or the Board is required to award a "reasonable" attorney fee when a claimant finally prevails at hearing or on review of a denial of compensation. ORS 656.386(1).[8] The scope of judicial review of an award of an attorney fee in a workers' compensation case is found in Oregon's Administrative Procedures Act, ORS 183.310 *et seq*, specifically at ORS 183.482(8)(b).[9] *See* ORS 656.298(6) (so providing). The statutory directive to award a "reasonable" fee describes an exercise of discretion and, in this case, claimant argues that the Board acted outside the range of discretion delegated to it. ORS 183.482(8)(b)(A).

The attorney fee statute is a broad statement of a legislative policy that prevailing claimants' attorneys shall receive reasonable compensation for their representation. The term "reasonable" is an inexact term that expresses a complete legislative policy. That term delegates authority to

---

[7] ORS 183.482(7) provides, in part:

"Review of a contested case shall be confined to the record, the court shall not substitute its judgment for that of the agency as to any issue of fact or agency discretion. * * * The court shall remand the order for further agency action if it finds that either the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure."

[8] Since claimant's original request for attorney fees, ORS 656.386 has been amended in ways that are not material to a resolution of this case. Or Laws 1995, ch 332, § 43.

[9] ORS 183.482(8)(b) provides:

"The court shall remand the order to the agency if it finds the agency's exercise of discretion to be:

"(A) Outside the range of discretion delegated to the agency by law;

"(B) Inconsistent with an agency rule, an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency; or

"(C) Otherwise in violation of a constitutional or statutory provision."

the Board to determine, on a case-by-case basis, what constitutes a reasonable attorney fee. The agency's choice, among the range of choices available to it, must be a choice that a reasonable decision-maker would make, given the facts of the case, the interests of the parties appearing before the agency, and the policy or policies of the law that the agency's choice is intended to further. Responsibility for policy refinement under the statutes is delegated to the agency, not to the court. The court, for its part, is responsible for reviewing the agency's decision to see that it is within the range of discretion granted to the agency.

■ It is crucial that an agency's order reveal a rationale for an award of attorney fees. At a minimum, where the basis for an agency's discretionary choice is not obvious, an agency must provide sufficient explanation to allow a reviewing court to examine the agency's action in relation to the range of discretion granted by the legislature, the agency's own "rule, officially stated agency position, or a prior agency practice," and other statutory and constitutional provisions. ORS 183.482(8)(b).

In *Drew*, 322 Or at 500, in the context of judicial review under the statutory requirement that findings be supported by substantial evidence, this court stated this rule:

"[A]gencies are * * * required to demonstrate in their opinions the *reasoning* that leads the agency from the *facts* that it has found to the *conclusions* that it draws from those facts." (Emphasis in original.)

*See also Ross v. Springfield School Dist. No. 19*, 294 Or 357, 370, 657 P2d 188 (1982) ("It is essential that an agency articulate in a contested case the rational connection between the facts and the legal conclusion it draws from them."). The reasons for that rule are summarized in *Williams v. SAIF*, 310 Or 320, 329, 797 P2d 1036 (1990) (Unis, J., specially concurring). We turn to the analysis of the Board's order in this case under the foregoing standards.

We begin by noting the discrepancy between the amount of the attorney fee that claimant sought and the amount that the Board awarded. We assume that, in setting

what it considered to be a reasonable fee, the Board considered all the factors mentioned in OAR 438-15-010(4). The Board's order states that it "particularly considered" (1) the time devoted to the case (as represented by the record and claimant's appellate briefs), (2) the complexity of the issue, (3) the value of the interest involved, and (4) the risk that claimant's counsel might go uncompensated.

The Board, however, did not explain how any of the rule-based factors that it considered, much less how any of the four factors that it "particularly considered," weighed in its decision-making process and led to the fee that it awarded. The answer is not apparent to us from a mere recitation of those factors. The Board's order recounts the lengthy and complex history of a case that began nearly three years before the Board's ruling, with Berkeley's first request to perform surgery. The factors that the Board considered reasonable could have supported an award for the full amount of counsel's request, up to the date of Liberty's concession, yet, for reasons that are not apparent, the Board awarded a much lower amount. The Board's statement, that "claimant is not entitled to an attorney fee for services rendered subsequent to the insurer's concession," could account for a portion of the difference between the attorney fee claimed and the fee awarded by the Board, but a significant and unexplained disparity nevertheless remains. *See* note 6, above.

A review of the fee statement submitted by claimant's counsel reveals that he claims he spent 47.5 hours between receipt of the Director's decision in 1992, through the hearing, Board review, and on remand up to the date of Liberty's concession. As claimant argues, the award of $3,000 could mean that the Board concluded that, under the circumstances, an hourly fee of about $63 was reasonable. Alternatively, the award of $3,000 could mean that the Board concluded that, under the circumstances, claimant's counsel should be compensated at his requested rate but for less than half of the time he spent on the case up to Liberty's concession. Yet, nothing in the Board's order suggests that it believed counsel's services were worth less than half his usual and customary hourly rate or that half of the time

spent on the case was duplicative or unnecessary. In short, the Board gave no explanation for its award.

Claimant's counsel already had been awarded $7,750 in WCB 93-09584 dealing with the same injury. The Board may have awarded less than the requested amount on finding that the time spent on the two cases could not be allocated between them easily. That explanation also might provide a valid basis for the Board's award. However, we cannot discern that basis from the Board's order and, thus, we cannot assume that the Board relied on it. *See Drew*, 322 Or at 499 (the fact that the Psychiatric Security Review Board might have relied on a permissible but unexpressed factual basis for its ruling could not cure PSRB's failure to demonstrate the rationale for its conclusion); *Garbutt v. SAIF*, 297 Or 148, 152, 681 P2d 1149 (1984) (court would not affirm Board's order where court could not determine whether the Board relied on a permissible factual basis or on an impermissible legal basis in reaching its opinion). Our decision in this case means only that, on the present record, the Court of Appeals could not, and we cannot, review the reasonableness of the attorney fee award, because the Board has failed to demonstrate in its order that its decision is within the range of discretion allowed by the more general policy of the statute. ORS 183.482(8)(b)(A).

In sum, we conclude that the Board's order does not contain a sufficient explanation to permit an appellate court to review the Board's exercise of discretion in setting a reasonable attorney fee. Accordingly, we remand the case to the Board for reconsideration of the order awarding attorney fees. ORS 183.482(8)(b)(A).

The decision of the Court of Appeals is reversed. The case is remanded to the Workers' Compensation Board for reconsideration of the attorney fee.