Argued and submitted February 17, affirmed May 19, 1999

In the Matter of the Compensation of
Frank D. Bacon, Claimant.

SAIF CORPORATION
and S.R. Smith, Inc.,
*Petitioners,*

*v.*

Frank D. BACON,
*Respondent.*

(WCB 98-01053; CA A103417)

982 P2d 40

Steve Cotton argued the cause and filed the brief for petitioners.

Jeffrey D. Munns argued the cause for respondent. On the brief were James T. Guinn and Mitchell & Associates, PC.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

**KISTLER, J.**

SAIF argues on review that the Workers' Compensation Board erred in awarding claimant $3,000 in fees for his attorney's work at hearing and before the Board. SAIF does not challenge the reasonableness of the fee the Board awarded. It argues instead that the Board should have provided a more comprehensive explanation of its fee decision. We affirm.

SAIF sought a hearing before an administrative law judge (ALJ) to challenge the amount of permanent partial disability that the appellate review unit had awarded claimant. The ALJ upheld the appellate review unit's award of permanent partial disability and also concluded that claimant was entitled to an assessed attorney fee of $2,000. Claimant had not submitted a statement of services describing the number of hours his attorney had spent on the case or the reasonable value of his attorney's services. Rather, the ALJ relied on the record of the hearing and the nature of the issues addressed at the hearing to determine the amount of time and the value of the services that an attorney reasonably would have expended.

After the ALJ issued her order, neither claimant nor SAIF asked the ALJ to reconsider the decision. SAIF, for example, did not submit any affidavits or other evidence on reconsideration to show that the fee the ALJ had awarded was too high. Conversely, claimant did not submit any evidence to show that the ALJ's award did not reflect the hours his attorney had in fact worked or the value of his attorney's services.

SAIF requested Board review of the ALJ's order. Before the Board, SAIF argued primarily that claimant's disability was not as great as the appellate review unit and the ALJ had found. It also challenged the ALJ's fee award. A number of threads ran through SAIF's fee argument before the Board. It argued that "[t]here is no evidence in this case from claimant's counsel concerning the time spent by counsel that justifies the award of $2000." It added that the fee was excessive "because there is no explanation as to how the ALJ arrived at the figure." Finally, it observed that "[c]laimant

should be required to provide the amount of time spent on the case, in order to meet the requirements of OAR 438-015-0010(4)."

The Board disagreed and affirmed the ALJ's fee award. The Board reasoned:

"The record contains no statement of services documenting the time claimant's attorney spent on the case. The transcript is 4 pages long and the hearing lasted 15 minutes. No witnesses testified. The record contains approximately 18 exhibits, one of which was submitted by claimant's attorney.

"The issue at hearing was limited to the extent of claimant's permanent disability arising from a compensable neck injury which involved a herniated disc at C5-6 and required cervical fusion surgery. SAIF requested the hearing on the Order on Reconsideration and sought reduction of claimant's permanent disability award. Based on other disputed extent of permanent disability claims presented for resolution to this forum, we find that the extent issue was of average complexity. The value of the interest and the benefit secured for claimant were significant in that the ALJ affirmed the Order on Reconsideration which awarded claimant 27 percent unscheduled permanent disability for the cervical injury (whereas SAIF's Notice of Closure had awarded 8 percent unscheduled permanent disability). Claimant's attorney skillfully conducted the litigation. No frivolous issues or defenses were raised. In addition, given the divided medical evidence and SAIF's challenge to claimant's permanent disability award, there was a significant risk that claimant's counsel might go uncompensated.

"After our review of the record and application of the factors [set out in OAR 438-015-0010(4)], we agree with the ALJ that the time and effort expended by claimant's counsel and the complexity of the case justify a fee of $2,000. Consequently, we affirm the ALJ's attorney fee award."

The Board also awarded claimant's attorney $1,000 for defending the ALJ's order before the Board. The Board explained: "In reaching this conclusion, we have particularly considered the time devoted to the issue (as represented by claimant's respondent's brief), the complexity of the issue and the value of the interest involved." The Board's assessment of a reasonable fee was not based on a statement of services

that claimant filed with it. After the Board issued its order, neither claimant nor SAIF objected to the $1,000 fee that the Board awarded claimant. Neither provided the Board with any argument or facts to show that its assessed fee was either too low or too high.

As SAIF frames the issue before us, the question is whether the Board provided a sufficient explanation of its findings. SAIF begins from the proposition that OAR 438-015-0010(4) sets out eight factors for the ALJ and the Board to consider in determining the amount of a reasonable attorney fee. It follows, SAIF reasons, that in *every* case in which fees are warranted, the Board must make findings on each of those eight factors and explain how those findings support the amount of the fee it awards. In SAIF's view, the Board's rule and the Supreme Court's decision in *Schoch v. Leupold & Stevens*, 325 Or 112, 934 P2d 410 (1997), require that much.

Before turning to the issue SAIF raises on review, we note what is not at issue in this case. SAIF does not argue on review that the Board had no basis for awarding claimant attorney fees because claimant had not submitted a statement of services to either the ALJ or the Board.[1] Rather, SAIF's argument assumes that the ALJ or the Board legitimately may infer the amount of time that the attorney reasonably expended on the case and the reasonable value of his or her services from the extent of the proceedings and the nature of the issues litigated before the agency. SAIF also has not argued on review that the fees the ALJ and the Board awarded in this case are unreasonable. Finally, SAIF did not submit any documentation to either the ALJ or the Board to show that those fees were too high. Accordingly, the issue on review is not whether the Board's order was sufficient to resolve a specific objection to the agency's fee award. *Compare Schoch*, 325 Or at 118-20 (addressing that issue). Rather, the issue, as SAIF frames it in its brief, is whether the Board's explanation is sufficient in the absence of any specific objection to the fee award.

---

[1] SAIF made that argument before the Board, but it does not pursue it in its brief on review.

On that point, SAIF argues that, even if it raised no objection to the reasonableness of the fees the ALJ and the Board awarded, the Board still had an obligation to make factual findings on each of the eight factors listed in its rule, to set out the weight it gave each of those eight factors, and to explain how those factors led to the result it reached. SAIF identifies three potential sources for the obligation it perceives: (1) the Board's rule; (2) the need for special findings to facilitate judicial review; and (3) an agency's obligation to explain its reasoning. We examine each of those sources in turn.

■ The Board's rule provides: "In any case where an Administrative Law Judge or the Board is required to determine a reasonable attorney fee, the following factors shall be considered." OAR 438-015-0010(4).[2] The rule then lists eight factors. By its terms, the Board's rule only requires that the agency "consider" the eight factors. It does not, in and of itself, require the Board to make factual findings, draw conclusions from those findings, or explain how those conclusions lead to the fee the Board awards. It may be that either the need to facilitate appellate review or general administrative law principles require the Board to make factual findings and explain the conclusions it draws from them. *See Schoch*, 325 Or at 118. The Board's rule, however, does not unilaterally impose that obligation on the Board. At least, the Board has not interpreted its rule that way.

---

[2] OAR 438-015-0010(4) provides:

"In any case where an Administrative Law Judge or the Board is required to determine a reasonable attorney fee, the following factors shall be considered:

"(a) The time devoted to the case;

"(b) The complexity of the issue(s) involved;

"(c) The value of the interest involved;

"(d) The skill of the attorneys;

"(e) The nature of the proceedings;

"(f) The benefit secured for the represented party;

"(g) The risk in a particular case that an attorney's efforts may go uncompensated; and

"(h) The assertion of frivolous issues or defenses."

■     SAIF relies alternatively on the need for "special findings to support or explain the order under review." *See McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 84, 95, 957 P2d 1200, *on recons* 327 Or 185, 957 P2d 1200 (1998). In *McCarthy*, the Supreme Court explained that special findings on attorney fees may be necessary to permit meaningful appellate review. 327 Or at 96.[3] The court accordingly remanded the fee award in that case for further explanation. The court was careful to make clear, however, that the need for special findings does not exist in the abstract. Rather, a court only has to make findings on the factors that are relevant to its attorney fee decision. 327 Or at 188.[4] Moreover, the court explained that, "[a]s a consequence of the court's role in resolving the parties' disputed claims regarding attorney fees, the objections of a party who resists a petition for attorney fees play an important role in framing any issues that are relevant to the court's decision to award or deny attorney fees." 327 Or at 189. The court accordingly concluded, "[n]o party will be heard to complain of the absence of a finding by the court on an issue that the party did not raise in a petition, objection, or reply under [the applicable rules]." *Id.*

■■     The need for findings as a prerequisite for appellate review arises only if there is something to review. As *McCarthy* makes clear, if there is no substantive objection to the fee award, there is nothing to review. SAIF argues, however, that an objection before the Board would have been premature. It reasons:

> "SAIF does not contend that $3,000 is an excessive fee for services at hearing and before the board. Such an argument would be premature. The board has not yet made findings of fact or drawn conclusions from those facts that would allow the parties to discuss whether the fee is reasonable. Only when the board follows the procedures required by its own administrative rule will the parties be able to argue whether an attorney fee is reasonable."

---

[3] The obligation the court identified in *McCarthy* applies equally to courts and agencies.

[4] SAIF's claim that the Board has to make findings on all eight factors listed in its rule regardless of whether they have any relevance to its decision is inconsistent with the court's reasoning in *McCarthy*.

SAIF's argument puts the cart before the horse. An agency's findings and conclusions are intended to resolve the parties' objections, not give rise to them. If either claimant or SAIF believed that the ALJ's or the Board's fee award was too low or too high, they needed to raise that objection before either the ALJ or the Board. *Cf. Hays v. Tillamook County General Hospital*, 160 Or App 55, 979 P2d 775 (1999) (discussing when objections to the amount of fee awards may be raised).[5]

■■     The final question is whether the Board had an obligation under general administrative law principles to provide more specific findings of fact and reasoning than it did. *See Drew v. PSRB*, 322 Or 491, 500, 909 P2d 1211 (1996). The court explained in *Drew* that "in addition to the statutory requirement that findings be supported by substantial evidence, agencies also are required to demonstrate in their opinions the *reasoning* that leads the agency from the *facts* it has found to the *conclusions* that it draws from those facts." *Id.* at 499-500 (emphasis in original). That administrative requirement stems both from the need to facilitate meaningful appellate review and the need to ensure that the agency acts consistently. *Id.* (quoting *Williams v. SAIF*, 310 Or 320, 329, 797 P2d 1036 (1990) (Unis, J., concurring) (explaining the reasons for the requirement)).

The Supreme Court applied that principle in *Schoch*. In that case, the Board had awarded the claimant an attorney fee of $3,000. 325 Or at 116. The claimant requested reconsideration and submitted an affidavit showing that his attorney had devoted 47.5 hours of time to the case and offering evidence that the value of his attorney's services was $175 an hour. *See id.* & n 6. After considering the claimant's

---

[5] By not requiring the party seeking fees to submit a statement of services as a prerequisite for receiving them, the Board has effectively shifted the burden to the party opposing the fee request to file specific objections if it believes that the amount of the fee awarded is excessive. At least before this court, however, SAIF has not challenged that practice. SAIF has not explained why the Board's practice is inconsistent with either its rule or its governing statute, *see* Or Laws 1990, ch 2, § 30 (deleting statutory requirement that a party submit a written statement of services in support of its fee claim), and we do not have the benefit of the Board's explanation of its practice before us. We accordingly leave that issue for another day when it has been squarely presented and briefed.

request for reconsideration, the Board "adhered to the reasoning and conclusions of its [earlier] order without further explanation." *Id.* at 116.

"[N]oting the discrepancy between the amount of the attorney fee that claimant sought and the amount that the Board awarded," the court concluded that the Board's explanation was insufficient. *Id.* at 118-20. The court reasoned that it was unclear whether the Board had thought that the claimant's attorney had spent too many hours on the case, whether it thought that the hourly rate was too high, or whether the Board had discounted the claimant's fee request because of fees earned in a parallel administrative proceeding. *Id.* The court explained: "In sum, we conclude that the Board's order does not contain a sufficient explanation to permit an appellate court to review the Board's exercise of discretion in setting a reasonable attorney fee." *Id.* at 120.

The reasoning in *Schoch* makes clear that its holding is driven in large part by the need for meaningful appellate review. When, however, neither the claimant nor the employer objects to the reasonableness of the fee award, the need to ensure meaningful appellate review is absent. *See McCarthy*, 327 Or at 189. Although general administrative law principles still require the Board to explain the basis for its fee award, the need for specificity diminishes in the absence of any substantive objection to the fee award itself. Moreover, when, as in this case, neither the claimant nor the employer submits any evidence of either the hours that were reasonably expended or the value of an attorney's services, we cannot say that the agency erred in not going into greater detail than it did here. We emphasize that if SAIF or claimant had submitted specific evidence challenging either the ALJ's or the Board's fee award, as the claimant did in *Schoch*, the Board's explanation would have to comply with the standard in *Schoch*. In this case, however, SAIF has converted whatever specific objection it might have had to the Board's fee award into an abstract claim that detailed findings and an elaborate explanation are always required. We conclude that neither the Board's rule nor the Oregon cases impose that abstract obligation on the Board.

Affirmed.