Submitted on record and briefs August 3, 2001, reversed and remanded
August 28, 2002

## Linda PEPLINSKI,
*Petitioner,*

*v.*

## CONSTRUCTION CONTRACTORS BOARD
and B & G Excavation, Inc.,
*Respondents.*

76433-105; A111218

52 P3d 1129

Linda Peplinski filed the brief *pro se*.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Brendan C. Dunn, Assistant Attorney General, filed the brief for respondent Construction Contractors Board.

No appearance for respondent B & G Excavation, Inc.

Before Edmonds, Presiding Judge, and Landau* and Kistler, Judges.

LANDAU, J.

---

* Landau, J., *vice* Armstrong, J.

**LANDAU, J.**

Petitioner filed a claim with the Construction Contractors Board (board) against B & G Excavation, Inc. (respondent). The board dismissed the claim, concluding that it had not been timely filed. In the alternative, the board concluded that petitioner had entered into a release that precluded the claim as a matter of law. We conclude that the board erred in dismissing the claim and therefore reverse and remand for reconsideration.

The relevant facts are not in dispute. Petitioner purchased a manufactured home to be placed near her existing residence. On December 11, 1997, she hired respondent to prepare the site. The contract required respondent to excavate and pour footings and install tie-downs, excavate and install a four-inch sewer line from the foundation to an existing on-site sewer line, excavate and install one-inch PVC water pipe from the foundation to existing water lines, and install a soakage trench. Petitioner agreed to pay $5,000 down and $2,050 upon completion of the work.

Respondent worked on the project for approximately two weeks. Among other things, respondent poured the concrete for the foundation and installed pipes for the required water service. In the course of the work, respondent damaged the foundation with its equipment, which precipitated a dispute between the parties.

On January 8, 1998, petitioner wrote respondent and demanded that it complete the work as required. Respondent did not return to work. On January 15, 1998, petitioner sent a second letter to respondent declaring that respondent had breached their agreement and that "you are hereby released from your duties under your contract" and that "you will not be receiving further payment on this contract." The letter explained that petitioner took that action "due to your breach of the contract and your negligent workmanship." The letter detailed the costs that petitioner had already incurred or expected to incur to remedy respondent's defective performance. It declared that she would pay respondent nothing more and that respondent should remove its equipment and refrain from pursuing a lien against her

property. Respondent removed its equipment from petitioner's property and did no further work. Petitioner and her husband completed the site preparation and the manufactured home was set at the site on April 1, 1998.

On January 25, 1999, petitioner, *pro se*, filed a claim with the board against respondent. The claim alleged, in part:

"1.   Contractor crushed foundation

"2.   Contractor did not provide plumbing to code

"3.   Defective foundation has caused cracked sheet rock & front window this winter

"4.   Contractor breached contract forcing us to seek legal help to prevent his threatened lien action, & require his removal from project

"5.   He finally moved equipment 2 weeks later & left pile of rock in public right of way that we had to move

"6.   We had to contract for & complete balance of work ourselves."

The board dismissed the claim on two alternate grounds. First, the board concluded that the claim had been untimely filed. According to the board, under ORS 701.145(3)(d) (1997),[1] claims involving a failure to complete work must be received not later than one year after the date the parties entered into their contract. In this case, the board noted, although the claim itself alleges "that respondent performed improper and negligent work," a review of the parties' correspondence revealed that petitioner "terminated the contract primarily due to respondent's failure to complete work she asserts was included in the provisions of the parties' contract." The claim having been received nearly two years after the parties entered into the contract, the board concluded that the claim was time barred. Second, the board concluded that, in any event, the January 15, 1998, letter "unequivocally * * * offers to release respondent from the contract in consideration of respondent's agreement to seek no further

[1] The legislature amended OR. 701.145 in 2001. Or laws 2001, ch 197, §§ 14, 15; Or laws 2001, ch 414, §§ 9a, 10a. Subsequent references to the statute are to the 1999 version.

payment for work performed," an offer that the board found respondent accepted by its conduct in refraining from seeking further payment.

On review, petitioner first argues that the board erred in concluding that her claim is time barred. To the contrary, she argues, her claim plainly sets out a series of complaints, each of which concerns the negligent performance of work, not a failure to complete work. ORS 701.145(3)(d) therefore does not apply. Instead, she argues, ORS 701.145(3)(a), which requires that claims be submitted within one year of taking occupancy of the new residence, applies. Under that statute, she concludes, her claim was timely. The board contends that its characterization of the nature of the claim is a finding of fact, which we examine for substantial evidence in the record as a whole. The board argues that, because at least some of the specific complaints arguably involve respondent's failure to complete work, we must uphold its finding of fact.

ORS 701.145 provides, in part:

"(3) The board shall not process a claim * * * unless the claim is filed in a timely manner as follows:

"(a) If the owner of a new structure files the claim, the board must receive the claim not later than one year after the date the structure was first occupied or two years after completion, whichever comes first.

"* * * * *

"(d) Regardless of whether the claim involves a new or existing structure, if the owner files the claim because the contractor failed to substantially complete the work, the board must receive the claim not later than one year after the date the contractor ceased work on the structure."

It is uncontested that petitioner owns a new structure and that she filed her claim within one year of its initial occupancy. Indeed, the board concedes that, if ORS 701.145(3)(a) applies, the claim was timely filed. The sole question before us, therefore, is whether the claim was filed "because the contractor failed to substantially complete the work."

Whether an assertion that a claim has been filed "because the contractor failed to substantially complete the

work" amounts to a finding of fact or a conclusion of law is an interesting question, but one that we need not reach. Even if it is a finding of fact, the board erred in determining that such a finding supports the conclusion that the claim is time barred.

First, we note that the board's focus was misplaced. The statute refers to the basis of the claim itself. The board based its decision on the reasons for petitioner's decision to terminate the contract. The reasons for filing the claim may overlap with those for terminating the underlying contract, and they may even be the same in some cases. But such is not necessarily the case.

■ Second, and more important, the board's opinion neglects to explain why at least some of the complaints were not timely presented. Clearly some—if not most—of the complaints enumerated in the claim involved not a failure to complete work but the negligent performance of work completed. Thus, for example, the claim states that respondent crushed the foundation, that respondent did not provide plumbing to code, and that the defective foundation caused windows and sheet rock to crack. Those complaints are unambiguously about negligent performance, not a failure to perform. Indeed, the board itself characterized those complaints as "alleging that respondent performed improper and negligent work." The board failed to explain, and we do not understand, why the fact that *some* of the allegations arguably concern failure to complete work means, as a matter of law, that the entirety of the claim is time barred. The board is required to provide a "sufficient explanation to allow a reviewing court to examine the agency's action." *Schoch v. Leupold & Stevens*, 325 Or 112, 118, 934 P2d 410 (1997). The board did not do that in this case.

The board argues that, even if it erred in concluding that the claim is time barred, the claim still is barred because the parties entered into a mutual release. According to the board, the January 15, 1998, letter at least arguably constituted a mutual release. Given that the letter is ambiguous, the board asserts, its interpretation becomes a matter of fact, which we review for substantial evidence. The board contends that there is such substantial evidence in this case.

Petitioner contends that nothing in the correspondence on which the board relied says anything about a mutual release.

"A release is a contract in which one or more parties agrees to abandon a claim or right." *Lindgren v. Berg*, 307 Or 659, 665, 772 P2d 1336 (1989). It is subject to the rules of contract interpretation. *Ristau v. Wescold, Inc.*, 318 Or 383, 387, 868 P2d 1331 (1994). If the terms of the release are unambiguous, the construction of those terms is a matter of law for the court. *Id.* For a release to be valid, there must be both knowledge of the existence of a claim and an intention to relinquish it, in the absence of a specific promise to release liability for unanticipated claims. *Patterson v. American Medical Systems, Inc.*, 141 Or App 50, 53, 916 P2d 881, *rev den* 324 Or 229 (1996).

In this case, the board concluded that the January 15, 1998, letter "unequivocally * * * offers to release respondent from the contract in consideration of respondent's agreement to seek no further payment for work performed." With respect, we have examined the letter and find no wording that, reasonably construed, even arguably—much less unequivocally—expresses an offer on the part of petitioner to relinquish a claim for damages for respondent's negligent performance. The letter informed respondent that it was in breach, that petitioner wanted respondent off her property, that she intended to pay respondent no additional money, and that she had incurred or would incur additional expenses as a result of respondent's breach. Certainly, the letter released respondent from further performance. But a release from further performance does not constitute a release from a claim for damages for negligent work already performed. And nothing else in the letter remotely suggests that petitioner was willing to forgo any claims against respondent for those damages.

Having concluded that the January 15, 1998, letter is not reasonably capable of construction as a mutual release, we need not address the board's argument that its ascertainment of the parties' intentions as a matter of fact must be upheld because it is supported by substantial evidence.

Reversed and remanded for reconsideration.