GARRETT, J.
*420 *200 Claimant seeks judicial review of a final order of the Workers' Compensation Board (board) in which the board concluded that $8,000 was a reasonable award of attorney fees for services rendered by claimant's attorney in proceedings seeking rescission of the denial of his claim. Because the board's order lacks substantial reason, we lack a sufficient basis to meaningfully review the board's exercise of discretion. Accordingly, we reverse and remand for reconsideration.
Our review is confined to the relevant facts in the administrative record, ORS 183.482(7), which are undisputed here. Claimant, an injured worker, filed a claim for fume exposure, a compensable injury, with his employer. Claimant's then-counsel filed a request for a hearing, asserting a de facto denial for failure to timely process the claim. At SAIF's request, a physician examined claimant. SAIF then formally denied claimant's claim. Claimant requested a hearing before an administrative law judge (ALJ). After claimant's first attorney withdrew, claimant obtained new counsel, who agreed to represent claimant on a contingent basis. In preparation for the hearing, claimant's counsel deposed the physician, who opined that claimant's symptoms were consistent with fume exposure and required medical services. Claimant's counsel had another physician review the medical records submitted in this case and sign a letter confirming the deposed physician's professional medical opinion. Minutes before the hearing, SAIF agreed to rescind the denial.
Claimant's counsel submitted a request for $12,000 in attorney fees; according to his supporting materials filed with the board, that amount reflected 30.3 hours of work at an hourly rate of $400. Claimant's counsel further explained that his normal hourly rate is $300, but that he charges the higher rate of $400 for workers' compensation claims taken on a contingency basis. In response, SAIF asserted that the requested fee was excessive and disproportionate to the benefit secured, and proposed that $4,000 would be a more reasonable award.
*201 The ALJ awarded $5,000 in fees in an order citing the factors set forth in OAR 438-015-0010(4).
Claimant appealed the ALJ's order to the board, which increased the fee award to $8,000 based on the following reasoning:
"Claimant's counsel is entitled to a reasonable attorney fee for his services in obtaining the rescission of SAIF's denial. ORS 656.386(l)(a). We determine the amount of claimant's counsel's attorney fee for services in preparation for the hearing by applying the factors set forth in OAR 438-015-0010(4) to the circumstances of this case. Those factors are: (1) the time devoted to the case; (2) the complexity of the issues involved; (3) the value of the interest involved; (4) the skill of the attorneys; (5) the nature of the proceedings; (6) the benefits secured for the represented party; (7) the risk in a particular case that an attorney's efforts may go uncompensated; and (8) the assertion of frivolous issues or defenses.
"Here, claimant's counsel submitted a statement of services representing 30.3 hours in case preparation. Based on cases typically litigated before the Hearings Division, the issue was moderately complex (both factually and medically) requiring claimant to seek automotive maintenance records and consultation with a medical expert. The value of the interest was two emergency room evaluations. Both attorneys have substantial workers' compensation experience and exhibited a high degree of skill in the proceedings. The nature of the proceedings was claimant's appeal of SAIF's initial claim denial. The benefits secured for claimant included payment of the above-mentioned medical services, as well as statutory benefits flowing to claimant by virtue of SAIF's acceptance. No frivolous issues or defenses were raised.
*421 "Finally, the record supports a conclusion that claimant's counsel's development of the record through submission of automotive maintenance records and expert medical opinion persuaded SAIF to rescind its denial. Absent claimant's counsel's successful development of the record, claimant would have been unable to satisfy his burden of proof. Therefore, we conclude that claimant's counsel provided his legal services in the face of a significant risk that his efforts would go uncompensated. In assessing this *202 aforementioned risk, we do not confine our review to the circumstances present only when the denial was rescinded, but also take into consideration the entire record as developed following claimant's retention of his attorney.
"In reaching this conclusion, we do not consider the 'pre-hearing' rescission of the denial to weigh against a finding that counsel's efforts might go uncompensated. However, the rescission affects the 'nature of the proceedings' factor because it was unnecessary for claimant's counsel to provide services at a hearing (though the timing of SAIF's rescission required him to prepare for the hearing).
"In summary, after considering the aforementioned factors and the parties' arguments, we conclude that $8,000 is a reasonable attorney fee for claimant's counsel's services in obtaining the 'pre-hearing' rescission of SAIF's denial. See ORS 656.386(1)(a). In reaching this conclusion, we have particularly considered the time devoted to the issue (as represented by the record, claimant's counsel's fee request, and SAIF's objections), the value of the interest involved and benefit secured, the nature of the proceedings, and the risk that claimant's counsel might go uncompensated. Consequently, the ALJ's attorney fee award is modified."
(Record citation and footnotes omitted.)
On judicial review, claimant challenges the board's reasoning in several respects. The essence of claimant's arguments is that the board failed to adequately consider the contingent nature of the representation in calculating a reasonable attorney fee. Specifically, claimant observes that the board's fee award for this contingency fee case equates to $267 per hour, which is less than the normal hourly fee that claimant's counsel charges in noncontingency fee cases. Such a result, according to claimant, is contrary to both the board's administrative rule requiring consideration of "[t]he risk in a particular case that an attorney's efforts may go uncompensated[,]" OAR 438-015-0010(4)(g), and 2015 legislation requiring consideration of the contingent-fee nature of workers' compensation law and injured workers' access to adequate representation. See ORS 656.012(2)(b) ; ORS 656.388(5). SAIF responds that the 2015 legislation is inapplicable to this case, that the board's order reflects that it applied the correct legal standard, and that the $8,000 fee *203 award is a permissible exercise of the board's discretion to award a reasonable fee.
For the reasons explained below, we decline to address the merits of the parties' arguments because we conclude that the board's order lacks an explanation of the board's reasoning sufficient to allow appellate review.
Orders of the board must be supported by substantial reason. Long v. SAIF , 278 Or. App. 88, 93, 372 P.3d 610 (2016) ; Hamilton v. Pacific Skyline, Inc. , 266 Or. App. 676, 680, 338 P.3d 791 (2014). Substantial reason is "[i]mplicit in the requirement that the order be supported by substantial evidence" under ORS 183.482(8)(c). Roadhouse v. Employment Dept. , 283 Or. App. 859, 865-66, 391 P.3d 887 (2017). An order is supported by substantial reason when it "articulates the reasoning that leads from the facts found to the conclusions drawn." Walker v. Providence Health System Oregon , 254 Or. App. 676, 686, 298 P.3d 38, rev. den. , 353 Or. 714, 303 P.3d 943 (2013) (internal quotation marks omitted). The substantial reason requirement exists "both for purposes of meaningful judicial review and to ensure that the agency gives responsible attention to its application of the statute." Ross v. Springfield School Dist. No. 19 , 294 Or. 357, 370, 657 P.2d 188 (1982). In the specific context of attorney fee awards in workers' compensation cases, the Supreme Court has cautioned that, in order to permit meaningful appellate review, the board cannot simply recite certain factors and then state a conclusion; rather, it must articulate how the application of those factors supports the amount of fees awarded. See *422 Schoch v. Leupold & Stevens , 325 Or. 112, 119, 934 P.2d 410 (1997) (holding that the board's order lacked substantial reason when it "did not explain how any of the rule-based factors that it considered, much less how any of the four factors that it 'particularly considered,' weighed in its decision-making process and led to the fee that it awarded").
Here, although the board's order identifies the applicable factors and states that the board has considered them, the order fails to articulate a connection between those factors in its conclusion sufficiently to allow us to understand the board's reasoning.
*204 For example, it is possible that the board's conclusion that claimant should be awarded $8,000 instead of the $12,000 requested reflects a view that an excessive amount of time was spent on the case. Alternatively, it is possible that the board concluded that claimant's counsel spent a reasonable amount of time on the case but also concluded that, under the circumstances, an award reflecting an hourly rate of $267 is reasonable, even though that rate is lower than claimant's counsel would have charged in a noncontingency fee representation. The latter conclusion may implicate the parties' arguments regarding the degree to which the contingent nature of a representation must factor into the board's reasoning-an issue also not addressed in the board's order.[1] The board's order does not indicate which of those rationales (if either) led the board to its ultimate conclusion, and we are not permitted to supply reasoning on behalf of the board. Because we cannot determine why the board made the fee award that it did, we conclude that the order lacks substantial reason. Accordingly, the order is reversed and remanded for reconsideration.
Reversed and remanded.
Reversed and remanded.

We say "may implicate" because SAIF asserts that claimant's arguments regarding the board's obligation to consider the contingent nature of the representation are at least in part unpreserved, to the extent that claimant relies on the 2015 legislation. We express no view at this time as to what arguments were or were not properly raised before the board or whether the 2015 legislation is applicable to this dispute.