AOYAGI, J.
*696 Claimant filed a workers' compensation claim. After employer denied the claim, an administrative law judge (ALJ) determined that the claim was compensable and set aside the denial. The Workers' Compensation Board adopted and affirmed the ALJ's order. The board then awarded $ 6,000 in attorney fees to claimant. Employer seeks judicial review of the board's determination of compensability, raising a single assignment of error, which we reject without written discussion. Claimant cross-petitions, challenging the amount of attorney fees. We write only to address the cross-petition and, for the following reasons, reverse and remand the board's order as to attorney fees.
*1160 The underlying facts provide context for the attorney fee award, so we describe them briefly. Claimant worked as an in-home caregiver. One evening, while she was caring for a male client who suffered from dementia, the client repeatedly engaged in sexually inappropriate conduct toward claimant and at one point threatened to burn down claimant's boyfriend's house. Soon after that experience, claimant began having panic attacks. She filed a workers' compensation claim for a mental disorder, which employer denied. Claimant requested a hearing. Employer defended its denial to the ALJ, arguing that claimant's mental disorder was not compensable. After considering competing medical evidence, the ALJ determined that the claim was compensable and set aside the denial. The ALJ supplemented her order on reconsideration. Employer appealed to the board. The board ultimately adopted and affirmed the ALJ's order. Thus, claimant prevailed.
When an employer initiates board review of a compensability decision, and the board "finds that all or part of the compensation awarded to [the] claimant should not be disallowed or reduced," the employer "shall be required to pay to the attorney of the claimant a reasonable attorney fee in an amount set by the * * * board." ORS 656.382(2) (emphases added). The board must consider eight factors in setting the fee amount: (a) the time devoted to the case for legal services; (b) the complexity of the issues involved; (c) the value of the interest involved; (d) the skill of the attorneys;
*697 (e) the nature of the proceedings; (f) the benefit secured for the represented party; (g) the risk in a particular case that an attorney's efforts may go uncompensated and the contingent nature of the practice; and (h) the assertion of frivolous issues or defenses. OAR 438-015-0010(4).
After claimant prevailed, her attorney submitted a statement of services seeking $ 13,304.20 in attorney fees. A request for a specific fee is permitted, but not required, by the board's rules. See OAR 438-015-0029(1) ("a claimant's attorney may file a request for a specific fee, which the attorney believes to be reasonable," to assist the board in determining the amount of a reasonable fee award); see also OAR 438-015-0029(2) (the request "shall be considered by the Board" so long as it is filed in compliance with the rule). In response, employer had the opportunity to file objections to claimant's request, but it did not do so. See OAR 438-015-0029(3).
The board awarded an assessed fee of $ 6,000 to claimant. It explained in its order on review:
"Claimant's counsel is entitled to an assessed fee for services on review. ORS 656.382(2). After considering the factors set forth in OAR 438-015-0010(4) and applying them to this case, we find that a reasonable fee for claimant's attorney's services on review is $ 6,000, payable by the employer. In reaching this conclusion, we have particularly considered the time devoted to the case (as represented by claimant's respondent's brief and the uncontested fee request), the complexity of the issues, the value of the interest involved, the risk that counsel may go uncompensated, and the contingent nature of the practice of workers' compensation law."
Claimant contends that the board erred in awarding that amount. She makes three arguments, which we address in turn.
First , claimant argues that, because her attorney requested a specific fee, as permitted by OAR 438-015-0029(1), and because employer did not file objections, as it could have under OAR 438-015-0029(3), the board was required to award the entire $ 13,304.20 that claimant's attorney requested. We disagree. Although claimant is *698 correct that the board must "consider" specific fee requests and responsive objections when filed, see OAR 438-015-0029(2) - (3), it does not follow that the board has less discretion when a specific request has been filed, or that the board has no discretion when a specific request has been filed and no objections have been filed.
A fee award under ORS 656.382(2) is mandatory, while the filing of a specific fee request is optional under OAR 438-015-029, with the consequence that the board will award a fee that it considers reasonable even in the absence of a specific request. See, e.g ., *1161 SAIF v. Wart , 192 Or. App. 505, 520-22, 87 P.3d 1138 (2004).[1] If a specific request is filed, it provides the board with better information than it otherwise would have had. Objections may do the same. The board is required to consider that information, OAR 438-015-0029(2) - (3), and that information may well affect how the board exercises its discretion in choosing a fee amount among the "range of choices available to it." Schoch v. Leupold & Stevens , 325 Or. 112, 118, 934 P.2d 410 (1997) (the board is making a "choice, among the range of choices available to it," when it sets a fee award in a particular case). The submission of that information may also make it necessary for the board to provide a more thorough explanation of its decision. See Wart , 192 Or. App. at 522, 87 P.3d 1138 (order was adequate, despite lack of detail, given the absence of a statement of services or specific objections); SAIF v. Bacon , 160 Or. App. 596, 604, 982 P.2d 40 (1999) (same). Regardless of the presence or absence of a specific request or objections, however, the board has discretion in setting the amount of a fee under ORS 656.382.[2]
Second , claimant argues that the board's order is not supported by substantial evidence, because her attorney's *699 statement of services "supports the attorney fee requested" and "[t]here is no contrary evidence." As we recently noted in Moreau v. Samalin , 295 Or. App. 534, 538, 435 P.3d 794 (2019) (fee award in a landlord-tenant case), attorney fee awards are unusual in that they "do not appear to be strictly limited to 'the record' in the way that most substantive rulings are." Here, several factors that the board must consider in setting the fee amount-the complexity of the issues involved, the skill of the attorneys, the risk in the particular case that an attorney's efforts may go uncompensated, and the assertion of frivolous issues or defenses-are especially suited to the board's own assessment and do not necessarily depend on submitted evidence. Other factors-the nature of the proceedings, the value of the interest involved, and the benefit secured for the represented party-should be determinable from the record. The contingent nature of the practice can be elaborated upon in a fee request but is already recognized by statute. See ORS 656.388(5) (requiring the board to consider, in setting a fee schedule, "the contingent nature of the practice of workers' compensation law and the necessity of allowing the broadest access to attorneys by injured workers"). The remaining factor-the time devoted to the case for legal services-is particularly well suited to the submission of evidence, but, as already discussed, the board will award fees even in the absence of such evidence.
Given the nature of the factors that the board is required to consider in setting a reasonable fee amount, and the need to set a reasonable fee even absent a specific request or objections, we reject claimant's argument that the board must award an amount dictated only by the "evidence" submitted by the claimant and any "contrary evidence" submitted by the employer or insurer. Neither the statute nor the board's rules limit the board's discretion in that manner.
Third , claimant relies on Schoch to argue that the board abused its discretion in awarding the amount of fees that it did. Because it is directly relevant to our disposition, we quote from the Supreme Court's opinion in that case at some length:
"The attorney fee statute is a broad statement of a legislative policy that prevailing claimants' attorneys shall *700 receive reasonable compensation for their representation. The term 'reasonable' is an inexact term that expresses a complete legislative policy. That term delegates authority to the Board to determine, on a case-by-case basis, what constitutes a reasonable attorney fee. The agency's choice, among the range of choices available to it, must be *1162 a choice that a reasonable decision-maker would make, given the facts of the case, the interests of the parties appearing before the agency, and the policy or policies of the law that the agency's choice is intended to further. Responsibility for policy refinement under the statutes is delegated to the agency, not to the court. The court, for its part, is responsible for reviewing the agency's decision to see that it is within the range of discretion granted to the agency.
"It is crucial that an agency's order reveal a rationale for an award of attorney fees. At a minimum, where the basis for an agency's discretionary choice is not obvious, an agency must provide sufficient explanation to allow a reviewing court to examine the agency's action in relation to the range of discretion granted by the legislature, the agency's own rule, officially stated agency position, or a prior agency practice, and other statutory and constitutional provisions."
Schoch , 325 Or. at 117-18, 934 P.2d 410 (internal quotation marks and citations omitted).
In this case, claimant contends that the board abused its discretion by awarding less than the full amount that her attorney requested, because, in her view, the "facts do not support a reduction." In response, employer argues that a $ 6,000 fee award works out to $ 666.67 per page for the 9-page response brief that claimant filed in the board proceeding and that, therefore, $ 6,000 was a reasonable award. We are unpersuaded by either argument; that is, we disagree that the fee award is necessarily unreasonable (and that the only reasonable award would be the entire amount requested), but we also disagree that the award is necessarily reasonable. Rather, more information from the board is necessary for us to review the fee award.
In Schoch , 325 Or. at 120, 934 P.2d 410, which involved an order quite similar to this one, the Supreme Court concluded that the board's order did "not contain a sufficient explanation to permit an appellate court to review the Board's exercise of *701 discretion in setting a reasonable attorney fee" and therefore reversed and remanded for reconsideration. We have done the same in other cases, particularly ones involving a significant discrepancy between the amount requested and the amount awarded, as exists in this case. See, e.g. , Cayton v. Safelite Glass Corp. , 257 Or. App. 188, 196, 306 P.3d 726 (2013) (claimant requested $ 8,325 and board awarded $ 1,500); City of Albany v. Cary , 201 Or. App. 147, 153, 117 P.3d 1062 (2005) (claimant requested $ 20,000 and board awarded $ 12,000).[3]
Most recently, in Taylor v. SAIF , 295 Or. App. 199, 203, 433 P.3d 419 (2018), where the claimant requested $ 12,000 and was awarded $ 8,000, we reversed and remanded for reconsideration because the board's order "lack[ed] an explanation of the board's reasoning sufficient to allow appellate review" and therefore was not supported by substantial reason. See Dixon v. Board of Parole and Post-Prison Supervision , 257 Or. App. 273, 286-87, 306 P.3d 716 (2013) (part of substantial reason review is ensuring that a board's order articulates the reasoning that leads from the facts found to the conclusions drawn). We made several observations in Taylor that apply equally here and lead to the same disposition: "[T]o permit meaningful appellate review, the board cannot simply recite certain factors and then state a conclusion; rather, it must articulate how the application of those factors supports the amount of fees awarded." Taylor , 295 Or. App. at 203, 433 P.3d 419. "[A]lthough the board's order identifies the applicable factors and states that the board has considered them, the order fails to articulate a connection between those factors in its conclusion sufficiently to allow us to understand the board's reasoning." Id ."The board's order does not indicate which of [more than one potential rationales] led the board to its ultimate conclusion, and we are not permitted to supply reasoning on behalf of the board." Id . at 204, 433 P.3d 419 ; see also City of Albany , 201 Or. App. at 154, 117 P.3d 1062 ("[T]he board's *1163 order does not explain what portion of the request it *702 rejected or why."). Accordingly, we reverse and remand for reconsideration of the attorney fee award.
Affirmed on petition; reversed and remanded on cross-petition for reconsideration of attorney fees.

When no specific request is filed, the board essentially "infer[s] the amount of time that the attorney reasonably expended on the case and the reasonable value of his or her services from the extent of the proceedings and the nature of the issues litigated before the agency." SAIF Corp. v. Bacon , 160 Or. App. 596, 600, 982 P.2d 40 (1999) ; see also Wart , 192 Or. App. at 522, 87 P.3d 1138 (similar).

Cf. ORCP 68 C(4)(f) (trial court "may" award attorney fees as requested in the prevailing party's fee statement if no objection is made); Council on Court Procedures, Staff Comment to ORCP 68, 32 (Dec. 15, 1990) (even when there is no objection, the trial court has "discretion to pass on the reasonableness of the amounts claimed").

By contrast, in Farmers Ins. Co. v. Aranda , 279 Or. App. 36, 50-51, 379 P.3d 552 (2016), we concluded that the board's order was adequate for review where the amount awarded ($ 25,000) was "not, relatively speaking, a significant departure" from the amount requested ($ 23,700) and the reason for that small departure was discernable from the record.