824 December 28, 2023 No. 695

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Compensation of
Ariel Fillinger, Claimant.

Ariel FILLINGER,
*Petitioner,*

*v.*

CITY OF PORTLAND,
*Respondent.*

Workers' Compensation Board
2001791; A177241

Argued and submitted April 10, 2023.

Philip M. Lebenbaum argued the cause for petitioner. Also on the briefs was Hollander Lebenbaum Gannicott & Patrick.

Linh T. Vu argued the cause for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Claimant seeks judicial review of a Workers' Compensation Board (the board) order that reversed the administrative law judge's order affirming the denial of her claims. In her assignment of error, claimant challenges the board's attorney fee award and contends that the order is not supported by substantial evidence or substantial reason. For the following reasons, we affirm.

"We review the board's decision for substantial evidence and errors of law, and to determine whether the board's analysis comports with substantial reason." *SAIF v. Ramos*, 252 Or App 361, 363, 287 P3d 1220 (2012). "Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c). Further, "[a]n order is supported by substantial reason when it articulates the reasoning that leads from the facts found to the conclusions drawn." *Taylor v. SAIF*, 295 Or App 199, 203, 433 P3d 419 (2018), *rev den*, 365 Or 194 (2019) (internal quotation marks omitted).

Because the board set aside the employer's denial and remanded the claims, claimant was entitled to a "reasonable attorney fee." *See* ORS 656.386(1)(a) (so providing). The term "reasonable" "delegates authority to the Board to determine, *on a case-by-case basis*, what constitutes a reasonable attorney fee." *Schoch v. Leupold & Stevens*, 325 Or 112, 117-18, 934 P2d 410 (1997) (emphasis added). To determine a reasonable attorney fee, the board must "consider" the factors provided in OAR 438-015-0010(4). *Cascade In Home Care, LLC v. Hooks*, 296 Or App 695, 696-97, 437 P3d 1158, *rev den*, 365 Or 195 (2019). The rule requires the board to consider, among other factors, "[t]he time devoted to the case for legal services," and "counsel's contingent hourly rate, if asserted, together with any information used to establish the basis upon which the rate was calculated." OAR 438-015-0010(4)(a), (l).

In her assignment of error, claimant contends that the board's order is not supported by substantial evidence or substantial reason because the board dismissed or failed to address the information that her counsel used to establish his

contingent hourly rate, including his noncontingent hourly rate.[1] In support of that argument, claimant argues that her counsel's declaration concerning his noncontingent hourly rate "was uncontradicted and no contrary evidence was submitted to rebut it." We disagree with claimant's arguments.

The board was not required to credit the information that counsel provided to support his proposed contingent hourly rate, even if that information was uncontradicted. *See Cascade*, 296 Or App at 699 ("[W]e reject [the] claimant's argument that the board must award an amount dictated only by the 'evidence' submitted by the claimant and any 'contrary evidence' submitted by the employer or insurer."). Although the board is required to *consider* a claimant's fee request, "attorney fee awards are unusual in that they do not appear to be strictly limited to the record in the way that most substantive rulings are." *Id.* at 698-99 (internal quotation marks omitted). Rather, the board will award fees in the absence of a fee request or specific evidence concerning the relevant factors, such as the time devoted to a case. *Id.* Thus, under our standard of review, we "look at the whole record with respect to the issue being decided, *rather than at one piece of evidence in isolation*" to determine whether the board's findings of fact are supported by substantial evidence. *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 206, 752 P2d 312 (1988) (emphasis added).

Here, the board made detailed findings about counsel's fee requests at the hearing and board levels. For the services provided at the hearing level, the board determined that counsel's $11,500 request was reasonable because it found that the record contained 126 exhibits and several physicians' opinions, that counsel had secured "acceptance of two new/omitted medical condition claims," and that he had more than 30 years of experience.

Turning to the services provided at the board level, the board determined that counsel's $19,000 request was

---

[1] Although claimant's briefing and her counsel's declaration stated that he generated his proposed $1,000 contingent hourly rate by applying the formula that the board used in *Karista D. Peabody*, 73 Van Natta 244 (2021), counsel clarified at oral argument that the issue was not that the board misapplied *Peabody*, but rather that the board ignored the evidence that counsel had submitted in support of his noncontingent rate.

"excessive." Specifically, the board observed that counsel based the request on a $1,000 contingent hourly rate and 19 hours spent preparing 23 pages of briefing. However, it found that 10 of those pages merely duplicated excerpts from the record and counsel's prior written objections and asserted an argument that "was not well supported and did not aid in [the board's] analysis." As a result, it determined that 16 hours of services were reasonable at the board level.

After acknowledging that counsel had based the proposed $1,000 contingent hourly rate on his $550 noncontingent hourly rate and that he had previously received an attorney fee award in a workers' compensation case based on a $475 hourly rate, the board determined that $450 per hour was a reasonable contingent hourly rate in this case. Although the board noted that claimant's counsel had provided a copy of the 2017 Oregon State Bar Economic Survey that showed the hourly billing rates of attorneys with similar experience in counsel's geographic area, the board explained that it was "not persuaded that [the survey] supports the proposed $1,000 contingent hourly rate in this particular case." As a consequence, the board awarded $7,200 for the services that counsel provided at the board level.

We observe that a $7,200 award is a significant departure from a $19,000 request. Nonetheless, we conclude that substantial evidence and substantial reason support the board's order. A reasonable person could find that the record as a whole supports both the board's finding that the $19,000 request was "excessive" and that the $7,200 award was reasonable. Moreover, the order demonstrates that the board considered the information that counsel had provided, articulated why it concluded that counsel's fee request was unreasonable in this particular case, and explained how it reached its final award. *Cf. Taylor*, 295 Or App at 203-04 (reversing a board order that merely recited the applicable factors and did not articulate—among other possible rationales—whether the board concluded that the amount of time spent on the case was excessive or that the proposed hourly rate was unreasonable). The board did not err.

Affirmed.