Argued and submitted April 13, reversed and remanded for reconsideration of
the award of attorney fees, otherwise affirmed June 2, 2016

In the Matter of the Compensation of
Charlotte L. Lamb, Claimant.

WAL-MART ASSOCIATES, INC.,
*Petitioner,*

*v.*

Charlotte L. LAMB,
*Respondent.*

Workers' Compensation Board
1300425; A158150

377 P3d 681

James S. Anderson argued the cause for petitioner. On the briefs was Cummins, Goodman, Denley & Vickers, P.C.

Edward J. Harri argued the cause for respondent. On the brief was Glen Lasken.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

## PER CURIAM

Employer petitions for review of an order of the Workers' Compensation Board, raising three assignments of error. We reject the first and second assignments without published discussion, writing only to address the third assignment, which claims as error the board's award of attorney fees, allowed under ORS 656.386(1), in the amount of $18,000. Specifically, employer argues that the board, which merely recited that it considered some of the factors enumerated in OAR 438-015-0010(4),[1] erred by not adequately explaining the basis for the attorney fee award to claimant. *See Schoch v. Leupold & Stevens*, 325 Or 112, 119, 934 P2d 410 (1997) ("The Board, however, did not explain how any of the rule-based factors that it considered, much less how any of the four factors that it 'particularly considered,' weighed in its decision-making process and led to the fee that it awarded. The answer is not apparent to us from a mere recitation of those factors.").[2] We agree with employer

---

[1] OAR 438-015-0010(4) provides:

"In any case where an Administrative Law Judge or the Board is required to determine a reasonable attorney fee, the following factors shall be considered:

"(a) The time devoted to the case;

"(b) The complexity of the issue(s) involved;

"(c) The value of the interest involved;

"(d) The skill of the attorneys;

"(e) The nature of the proceedings;

"(f) The benefit secured for the represented party;

"(g) The risk in a particular case that an attorney's efforts may go uncompensated; and

"(h) The assertion of frivolous issues or defenses."

[2] Employer also asserts that the record lacked any evidentiary basis for the amount of fees awarded because claimant's attorney failed to submit a fee petition with evidence of time spent on the matter and his hourly rate. We note, however, that in *SAIF v. Wart*, 192 Or App 505, 522-23, 87 P3d 1138, *rev den*, 337 Or 248 (2004), we stated that, if the board provides sufficient explanation to allow judicial review, such evidence is unnecessary:

"[W]e are not persuaded by SAIF's argument that the board should have made findings concerning the amount of time that it thought claimant's attorneys worked on the case. Here, not only was no documentation submitted concerning the number of hours that claimant's attorneys expended or the value of those attorneys' services, but the board's rule concerning attorney fees, OAR 438-015-0010, does not expressly require that the board make a finding about the time an attorney devoted to a case."

that the board erred; the record lacks any rationale for the award of attorney fees. Because the board's award is without substantial reason, we therefore remand the case to the board for reconsideration of the portion of the order concerning attorney fees.

Reversed and remanded for reconsideration of the award of attorney fees; otherwise affirmed.

---

*See also SAIF v. May,* 193 Or App 515, 526, 91 P3d 802 (2004) ("In this case, where there was no specific documentation submitted by claimant or SAIF on attorney fee hours, and the board offered an explanation for the amount of its award, the board's explanation was adequate for judicial review and the attorney fee award is affirmed.").