POWERS, J.
*253 Employer Arrowhead Ornamentals and its workers' compensation insurance carrier, SAIF, seek review of an order of the Workers' Compensation Board (the board) reversing the administrative law judge's (ALJ) order upholding SAIF's denial of claimant's injuries. SAIF assigns error to, among other things, the board's reliance on the "law of the case" doctrine in evaluating the evidence. We conclude that the board erred in applying and relying on the law of the case doctrine. Accordingly, we reverse and remand.[1]
We review the board's order for substantial evidence and legal error, ORS 656.298(7) ; ORS 183.482(8), and substantial reason, Christman v. SAIF , 181 Or. App. 191, 197, 45 P.3d 946 (2002). We summarize the facts in a manner consistent with the unchallenged factual findings of the board.
*581 SAIF Corp. v. Bales , 274 Or. App. 700, 701, 360 P.3d 1281 (2015), rev. den. , 360 Or. 237, 381 P.3d 834 (2016).
Claimant sustained a compensable low back injury when he shook dirt off of a 50-pound tree root ball. After the injury, claimant saw several physicians, including multiple physicians at SAIF's request, who came to varying conclusions about claimant's back condition, for which he received diagnoses of spondylolisthesis, spondylosis, and injury from the work incident. SAIF initially denied claimant's claim but, by stipulation, SAIF ultimately agreed to accept a claim for lumbar strain /sprain, L3-4 disc protrusion, and L5-S1 disc protrusion. SAIF's stipulation was limited to those conditions.
After the claim was accepted, claimant began treatment. In providing treatment, several physicians concluded that claimant's symptoms were due to his preexisting spondylolisthesis. However, one physician, Dr. Keenan, concluded that claimant needed treatment for spondylolisthesis, and that the spondylolisthesis had been worsened by the work-related injury. Accordingly, claimant initiated a new/ omitted medical condition claim for his spondylolytic defect/spondylolysis condition, which SAIF denied.
*254 Claimant contested, and the ALJ upheld, SAIF's denial; the ALJ found the opinions of the physicians relied on by SAIF more persuasive. Claimant then appealed the ALJ's order to the board, arguing, among other things, that the medical opinions on which SAIF relied were contrary to the "law of the case," and therefore unpersuasive. The board agreed, reasoning that the medical opinions of causation on which SAIF relied were rooted in analyses that were "contrary to issues decided as a matter of law" in the stipulation, and were therefore "inconsistent with the 'law of the case' and unpersuasive." The board reversed the ALJ's order and set aside SAIF's denial of the spondylolytic defect/spondylolysis condition.
Here SAIF challenges the board's application of the law of the case doctrine. As explained below, SAIF is correct that the board erred in its application of the law of the case.
In ILWU, Local 8 v. Port of Portland , 279 Or. App. 157, 379 P.3d 1172, rev. den. , 360 Or. 422, 392 P.3d 321 (2016), we held that the law of the case doctrine precludes "relitigation of an appellate court holding after remand and on subsequent appeal," and provides that,
"when a ruling or decision has been once made in a particular case by an appellate court, while it may be overruled in other cases, it is binding and conclusive both upon the inferior court in any further steps or proceedings in the same litigation and upon the appellate court itself in any subsequent appeal or other proceeding for review."
279 Or. App. at 164, 379 P.3d 1172 (internal quotation marks and citations omitted). More recently, we reiterated that holding in Reynolds v. USF Reddaway, Inc. , 283 Or. App. 21, 24, 394 P.3d 998 (2016), rev. den. , 361 Or. 311, 393 P.3d 1174 (2017), observing that the law of the case doctrine "is preclusive only with respect to a prior ruling or decision of an appellate court as opposed to a trial court or administrative body." The doctrine does not apply in the context of two separate administrative proceedings, "because it gives preclusive effect only to the prior ruling or decision of an appellate court (as opposed to a trial court or administrative body) and does not bar such rulings from being overruled in separate cases." ILWU, Local 8 , 279 Or. App. at 164, 379 P.3d 1172 (emphasis in original). Thus, in this case, it was *255 error for the board to rely on the law of the case doctrine to reject SAIF's position, because that evidence was inconsistent with the previous stipulation, not with an appellate court ruling or decision. On remand, the board will have an opportunity to determine whether the evidence on which SAIF relies is persuasive without the application of the law of the case doctrine.
Reversed and remanded.

Because whether the board erred in applying the law of the case doctrine is dispositive, we do not reach SAIF's other assignments of error.