No. 762    October 30, 2024    695

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Compensation of
Krista L. Wilson, Claimant.

Krista L. WILSON,
*Petitioner,*

*v.*

SAINT HELENS SCHOOL DISTRICT 29J,
*Respondent.*

Workers' Compensation Board
1906100; A177389

Argued and submitted July 12, 2023.

Philip M. Lebenbaum argued the cause for petitioner. Also on the briefs was Hollander Lebenbaum Gannicott & Patrick.

Brian M. Solodky argued the cause for and filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Claimant seeks review of an order of the Workers' Compensation Board affirming employer's denial of her claim for left wrist conditions. In a single assignment of error, she argues that the board's order is not supported by substantial evidence or reason. We have reviewed the record and conclude that, although there was more than one way to view the evidence, the board's order was supported by substantial evidence and reason. Accordingly, we affirm.

In this case, which involves a typical "battle of the experts" where doctors disagree as to whether a work incident was a material cause of the claimant's injuries, we briefly summarize the material facts in a manner consistent with the unchallenged factual findings of the board. *See SAIF v. Maldonado*, 294 Or App 252, 253, 430 P3d 580 (2018) (so stating). In October 2017, claimant was working for the St. Helens School District as a special education paraprofessional that focused on children with significant academic deficits. During an incident between students in claimant's classroom, claimant ended up against a door, pulling on the door to close it while a student grabbed claimant's left wrist and turned and twisted it to attempt to get claimant's arm off the door. Following the incident, claimant sought medical care, and employer accepted an injury claim for cervical strain and left trapezius strain. In December 2017, claimant reported to her primary care practitioner that her wrist had been hurting since she originally went to urgent care in October 2017 and that her wrist was feeling more painful again with lifting and from using her arm more. Claimant mentioned her wrist pain to providers several more times. In June 2018, claimant told her providers that her wrist was the main issue, and subsequent examinations indicated that claimant had an ulnar positive variant, which is a congenital abnormality. In December 2019, Dr. Mirarchi performed wrist surgery, and he noted several findings, including a triangular fibrocartilage complex (TFCC) tear and cartilage loss resulting from ulnar/carpal compaction syndrome.

Mirarchi opined that the cartilage loss and TFCC tear had been caused by claimant's work injury, because those injuries typically occur when there is compression on

the wrist or a twisting type of injury. Mirarchi acknowledged that there was a significant delay between the work incident and claimant's complaints of left wrist symptoms, and he reasoned that claimant may have been "distracted" by the pain from her other injuries and that her TFCC tear probably advanced over time, which made it more painful. Conversely, Dr. Vu, who had examined claimant in November 2018, prior to the surgery, and reviewed Mirarchi's report following the surgery, opined that claimant's left wrist conditions were more likely caused by her ulnar positive variant causing the cartilage loss and TFCC tear gradually over time rather than by an acute injury. Vu explained that it was not plausible that claimant was "distracted" by her other injuries because of the significant pain that she would have experienced due to an acute TFCC tear. Thus, Vu concluded that the wrist conditions were unrelated to the work incident. Employer ultimately denied claimant's claim for her left wrist conditions.

Claimant appealed to the board, which adopted the administrative law judge's factual findings and issued an order affirming the denial of claimant's claim for her left wrist conditions. The board concluded that Mirarchi's opinion that the work injury was the major contributing cause of claimant's left wrist conditions was "conclusory and not well explained and, thus, unpersuasive." Moreover, the board explained that Mirarchi's opinion did not adequately rebut Vu's opinion regarding the cause of the tear and the delay in the onset of left wrist symptoms. The board, therefore, concluded that the record lacked a persuasive medical opinion establishing the compensability of claimant's left wrist conditions.

On review, claimant argues that the board's conclusion that Mirarchi's opinion was "conclusory and not well explained" is not supported by substantial evidence or reason. Specifically, claimant asserts that the conclusion ignores Mirarchi's detailed explanation of the well-accepted mechanism of TFCC tears and that those mechanisms occurred in this case. Moreover, claimant contends that the board's deference to Vu's opinion is not supported by substantial evidence or reason, because Vu provided unexplained, contradictory

histories regarding the onset of symptoms and because she never discussed whether the mechanisms of the work injury could have caused the TFCC tear. Employer remonstrates that the board's findings and conclusions were supported by substantial evidence and reason.

We review the board's order for errors of law and substantial evidence. ORS 183.482(7), (8); *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 205, 752 P2d 312 (1988). Substantial evidence exists to support a factual finding "when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c). Moreover, a board order must be supported by "substantial reason." *Taylor v. SAIF*, 295 Or App 199, 203, 433 P3d 419 (2018), *rev den*, 365 Or 194 (2019). If a board order articulates the reasoning that leads from the facts found to the conclusions drawn, then it is supported by substantial reason. *Id.*

On review, claimant argues that our decision in *Sullivan v. SAIF*, 319 Or App 14, 510 P3d 255, *rev den*, 370 Or 212 (2022), created a "rigorous" standard for reviewing a board's order when there is competing medical evidence, *viz.*, a "battle of the experts." We disagree that *Sullivan* altered the well-established standard of review. In *Sullivan*, we determined that the board's determinations, including its rejection of the treating physician's opinion, were not supported by substantial evidence or reason. *Id.* at 23-24. Importantly, however, we do not understand *Sullivan* to have changed or altered the standard of review in cases where there are competing expert opinions. Rather, in our view, *Sullivan* represents a case where, in applying our standard of review, we concluded that the board's order lacked substantial evidence and reason in the particular circumstances presented by the case. Thus, we apply the oft-cited standard of review to the undisputed facts in this case.

In applying our standard of review, we conclude in this case that the board's order is supported by substantial evidence and reason. Both Mirarchi and Vu provided detailed medical reports and opinions regarding the cause of the TFCC tear and cartilage loss. In particular, Vu reviewed claimant's medical history, examined claimant,

and opined that the wrist conditions were caused gradually over time rather than by an acute injury. Moreover, the board explained that it found Mirarchi's opinion unpersuasive, because Mirarchi acknowledged the delay in the onset and reporting of symptoms but failed to rebut Vu's opinion that an acute tear would have caused significant pain such that claimant would not have been "distracted" by her other pain. Thus, we conclude that there is substantial evidence to support the board's findings and that the board articulated its reasoning as to why it was persuaded by Vu's rather than Mirarchi's opinion. We disagree with claimant's contention that the board was required to credit Mirarchi's opinion; the record did not compel that conclusion as a matter of law. Although the board could have viewed the evidence in more than one way, the board's findings and conclusions are supported by substantial evidence and reason.

Affirmed.