No. 1105          December 24, 2025          29

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Compensation of
Mark Acuna, Claimant.

Mark ACUNA,
*Petitioner,*

*v.*

SAIF CORPORATION
and First City Painting,
*Respondents.*

Workers' Compensation Board
2104691, 2200006BF; A182146

Argued and submitted November 10, 2025.

Julene M. Quinn argued the cause and filed the briefs for petitioner.

Daniel Walker argued the cause and filed the brief for respondents.

Charles Robinowitz filed the brief *amicus curiae* for Oregon Trial Lawyers Association.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Reversed and remanded for reconsideration of attorney fees; otherwise affirmed.

**KAMINS, J.**

Claimant seeks judicial review of an order of the Workers' Compensation Board awarding $7,000.00 in attorney fees for SAIF Corporation's (SAIF's) failure to comply with a discovery request. Claimant had requested $27,454.80 in fees and now challenges the reduction in fees in two assignments of error. First, claimant contends the board erred in reducing the attorney's billed hours based upon an incorrect legal standard and a lack of substantial evidence and reason. Second, claimant contends that the board erred in reducing the attorney's hourly rate based upon an incorrect legal standard and without substantial reason. We reject claimant's second assignment of error but reverse and remand for reconsideration on the first assignment of error.

We review the board's legal conclusions, including the construction of a statute, for legal error, and its factual findings for substantial evidence. ORS 183.482(8)(a), (c); *Hopkins v. SAIF*, 349 Or 348, 355, 245 P3d 90 (2010). We review the board's determination for substantial reason, meaning that the "order articulates the reasoning that leads from the facts found to the conclusion drawn." *Long v. SAIF*, 278 Or App 88, 93, 372 P3d 610 (2016) (internal citation omitted).

By statute, the board must "award *reasonable* additional attorney fees to the attorney for the claimant for efforts in defending the fee, penalty or costs." ORS 656.382(3) (emphasis added). The board must consider 12 factors under OAR 438-015-0010(4) when determining the reasonableness of an attorney fee award. We review the board's discretionary decision in setting a reasonable attorney fee for an abuse of discretion. *Schoch v. Leupold & Stevens*, 325 Or 112, 118, 934 P2d 410 (1997) ("The court *** is responsible for reviewing the agency's decision to see that it is within the range of discretion granted to the agency.").

*First Assignment of Error: Reduced Hours*

Claimant contends that the board applied an incorrect legal standard and that the reduction in hours was not supported by substantial evidence or reason. We agree that

the board's explanation of how the reasonableness factors led to the fee award did not amount to substantial reason to support its decision.

For some reductions, the board listed OAR 438-015-0010(4) factors, applicable to determining the reasonableness of an attorney fee award, such as complexity involved and time devoted. However, the board failed to provide any connection between the factors and its determined reasonable hours. The board also identified several factors that weighed in claimant's favor, including the complexity of the issue, skill of counsel, interests involved, and benefits secured for claimant. Again, however, the board did not articulate how those factors weighed in its conclusion. *See Taylor v. SAIF*, 295 Or App 199, 203, 433 P3d 419 (2018), *rev den*, 365 Or 194 (2019) (the board stating it has considered the factors but not "articulat[ing] a connection between those factors in its conclusion" does not amount to substantial reason).

In other reductions, the board failed to identify rule-based factors at all. Without identifying and explaining the factors that were weighed in each reduction, the decision lacks substantial reason. *See id.* at 204 (The court is "not permitted to supply reasoning on behalf of the board."); *Schoch*, 325 Or at 119 (board's order did not contain sufficient explanation where the board "did not explain how any of the rule-based factors *** weighed in its decision-making process and led to the fee that it awarded.").

In addition, the board relied on considerations—including the helpfulness of briefing and proportionality of time spent—that are not reasonableness factors under OAR 438-015-0010(4).[1] We cannot see how "helpful" a decision-maker finds an attorney's work product to be relevant to the attorney fee calculation, and the board did not provide an explanation. *Taylor*, 295 Or App at 200 ("Because the board's order lacks substantial reason, we lack a sufficient basis to meaningfully review the board's exercise of discretion.").

Thus, we reverse and remand for reconsideration on the first assignment of error.

---

[1] The Oregon Trial Lawyers Association (OTLA) filed an *amicus* brief arguing that those considerations were unreasonable.

*Second Assignment of Error: Reduced Contingent Hourly Rate*

Claimant contends that the board applied an incorrect legal standard in reducing the attorney's hourly rate by failing to consider the contingent nature of workers' compensation practice, and that the board's order lacked substantial reason in support of the reduction.

The board is required to consider the contingent nature of workers' compensation, including "[t]he risk in a particular case that an attorney's efforts may go uncompensated;" "[t]he contingent nature of the practice of workers' compensation law;" and "[c]laimant's counsel's contingent hourly rate, if asserted, together with any information used to establish the basis upon which the rate was calculated." OAR 438-015-0010(4)(i), (j), (l).

Claimant first contends that, in reducing the hourly rate, the board failed to consider "the contingent nature of the practice of workers' compensation law." OTLA reiterated this concern in its *amicus* brief, arguing consideration of that factor requires that the fee be increased. In evaluating that and related factors, the board reasoned that contingency did not weigh heavily in this case:

> "Further, because of the contingent nature of workers' compensation law, there was a risk that claimant's attorney might go uncompensated. However, that risk was not particularly high in this case because claimant was successful at the hearing level and was the respondent on review."

Thus, the board's order shows that it both evaluated "the contingent nature of the practice of workers' compensation law" and explained why that consideration did not weigh heavily in this case. The board provided a reasonable basis for its decision. *See Weyerhaeuser Co. v. Fillmore*, 98 Or App 567, 571, 779 P2d 1102, *rev den*, 308 Or 608 (1989) ("The Board's explanation of its award is detailed enough to inform us that it considered all of the factors and had a reasonable basis for its decision.").

Claimant also contends that the board failed to explain why it rejected claimant's requested contingent hourly rate, given the lack of contradictory information.

The board is required—as it did here—to consider claimant's counsel's contingent hourly rate within its discretion. *See Cascade In Home Care, LLC v. Hooks*, 296 Or App 695, 698, 437 P3d 1158, *rev den*, 365 Or 195 (2019) ("The board is required to *consider* [fee awards requested by claimant's attorney]." (Emphasis in original; internal citation omitted.)). After it did so, the board also considered other factors, the record, and its experience to conclude that a lower hourly fee was appropriate.

Claimant contends that the board's reliance on its "extensive experience" does not amount to substantial reason. Although reliance on the board's expertise alone may not provide substantial reason for the board's decision, the board also explained its decision using the rule-based factors. *See Taylor*, 295 Or App at 203 (to satisfy the substantial reason requirement, "[the board] must articulate *how* the application of those factors supports the amount of fees awarded" (emphasis in original)).

Reversed and remanded for reconsideration of attorney fees; otherwise affirmed.