No. 532 June 10, 2026 539

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Compensation of Bradley Kastner, Claimant.

Bradley KASTNER,
*Petitioner,*

*v.*

CITY OF HILLSBORO,
*Respondent.*

Workers' Compensation Board
2303705;
A185644

Argued and submitted January 20, 2026.

Derrick A. Louie argued the cause for petitioner. On the opening brief were Nelson R. Hall and Bennett Hartman, LLP. On the reply brief were Derrick A. Louie and Bennett Hartman, LLP.

Robert B. Nichols, Esq., argued the cause for respondent. Also on the brief was Cummins, Goodman, Denley & Vickers, P.C.

Before Aoyagi, Presiding Judge, Kamins, Judge, and Pagán, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Claimant seeks judicial review of a decision of the Workers' Compensation Board (board) denying the compensability of his myeloma. He contends that the board erred in concluding that he was an independent contractor and thus not entitled to the firefighter's presumption of compensability of the myeloma. *See* ORS 656.802(5)(a), (b) (providing that myeloma is presumed to result from employment as a firefighter). Reviewing for substantial evidence and errors of law, *Acuna v SAIF*, 346 Or App 29, 30, 584 P3d 322 (2025), we affirm.

Claimant worked as a firefighter for the City of Hillsboro from 1978 until 2010, when he retired. After his retirement, claimant provided fire and emergency medical training for city employees through a series of contractual arrangements with the City of Hillsboro until 2020. Each contract described claimant as an "independent contractor," specified the class to be taught, and stated that claimant would provide the curriculum and materials. Despite those contractual provisions, the city provided the equipment and training materials, although claimant adjusted the materials as he saw fit.

Claimant filed a workers' compensation claim in 2023, seeking compensability for his myeloma through the firefighter's presumption, ORS 656.802(5)(b). The board denied the claim, determining that claimant was an independent contractor and not an employee within the 84 months prior to filing his claim, as required to obtain compensability under the firefighter's presumption. ORS 656.802(5)(e). Thus, as both parties acknowledge, the key question is whether claimant was a city employee when he was performing the contractual training services during the 84 months leading up to his claim. That question, in turn, requires us to determine whether claimant was acting as an employee, and thus subject to workers' compensation coverage, or as an independent contractor under ORS 670.600(2). Although the parties' contractual designation of claimant as an independent contractor "is not controlling, it is not to be disregarded, and 'in a close case, it may swing the balance.'" *McQuiggin v. Burr*, 119 Or App 202, 207, 850 P2d 385 (1993)

(quoting *Henn v. SAIF*, 60 Or App 587, 592, 654 P2d 1129, *rev den* 294 Or 536 (1983)).

Under ORS 670.600(2), four elements must be met to establish that claimant was an independent contractor. One element, which pertains to licensing requirements, is not at issue, and another undisputedly favors that claimant was an independent contractor. Claimant contests the other two elements: whether claimant was "free from direction and control over the means and manner of providing the services" and was "customarily engaged in an independently established business." ORS 670.600(2)(a), (b).

As to the element of freedom from direction or control, also known as the "right to control" element, the key question is whether the city could direct and control the means and the manner of claimant's services as opposed to simply specifying the desired result. ORS 670.600(2)(a). The "principal factors showing right of control are: (1) direct evidence of the right to or the exercise of control; (2) the method of payment; (3) the furnishing of equipment; and (4) the right to fire." *National Maintenance Contractors v. Employment Dept.*, 288 Or App 347, 353, 406 P3d 133 (2017), *rev den*, 362 Or 508 (2018) (internal quotation marks omitted). Applying those factors, we conclude that the board's determination that the city exercised control over the result rather than the means and manner of claimant's performance is supported by substantial evidence.

Starting with the first factor, direct evidence of the right to control, the record of any direct evidence is limited. Although the city provided the curriculum and schedule for the training of its employees, claimant could adjust that curriculum or hire a substitute if he was unavailable for the scheduled training. Thus, the board's determination that this factor is inconclusive is supported by substantial evidence. Second, as to the method of payment, claimant was not salaried but rather submitted invoices up to an amount capped by the contract. Taxes and union dues were not deducted. When claimant hired a substitute to teach in his stead, the city paid claimant, who then paid the substitute. That evidence supports the board's conclusion that that factor supports an independent contractor relationship.

As to the furnishing of equipment, the board's conclusion that that factor favors an employment relationship is similarly supported by substantial evidence. At claimant's request, the city provided equipment and material to conduct the training.

As to the right to fire, substantial evidence supports the board's determination that the city did not have the right to fire claimant in his job as a trainer; rather, the city could decide to use (or not use) claimant's services by engaging his business to train employees or declining to renew or terminating his contract.

In sum, although one factor in the right-to-control analysis supports an employment relationship, substantial evidence supports the board's determination that, overall, the right-to-control element favors the conclusion that claimant was an independent contractor during the 84 months prior to his claim.

The second contested element is whether claimant had an "independently established business." ORS 670.600(3). Again, substantial evidence supports the board's determination that he did. There are five factors to consider in making the "independently established business" determination, and a finding of any three in favor requires the conclusion that claimant operates an independently established business. *ACN Opportunity, LLC v. Employment Dept.*, 362 Or 824, 827-28, 418 P3d 719 (2018). The five factors are that the claimant (1) maintains a business location; (2) bears the risk of loss related to the provision of service; (3) provides contracted services for two or more different persons within a 12-month period; (4) makes a significant investment in the business; or (5) has the authority to hire other persons. ORS 670.600(3)(a), (e).

There is no dispute that claimant's business satisfies the fifth factor, the right to hire, as claimant could and did hire substitute trainers. As to the first factor, claimant maintains a business location for his LLC, listed in his agreements with the city. As to the second factor, substantial evidence supports that claimant maintained insurance for his business and that he was required by his agreement

with the city to indemnify against any harms from his services, bearing the risk of loss. As to the third factor, substantial evidence supports (and claimant does not meaningfully dispute) the board's finding that claimant provided training services to other entities beyond the city, even if the vast majority of claimant's work was for the city. Because at least three factors are established, the board's determination claimant has an independently established business is supported by substantial evidence.

As substantial evidence supports the board's determination that claimant was an independent contractor during the 84 months prior to his claim, he was not entitled to the firefighter's presumption of compensability.

Affirmed.